RANDOLPH L. HOWARD, ESQ.
Nevada Bar No. 006688
SHLOMO S. SHERMAN, ESQ.
Nevada Bar No. 009688
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada  89145
Telephone:  (702) 362-7800
Facsimile:  (702) 362-9472
E-Mail:    rhoward@klnevada.com
           ssherman@klnevada.com

Attorneys for Plaintiff
FEDERAL DEPOSIT INSURANCE
CORPORATION as Receiver for
AMTRUST BANK

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

### * * *

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for AMTRUST BANK, | CASE NO. 2:12-cv-2057-JCM-NJK |
| Plaintiff, | |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| REAL ESTATE VALUATION SERVICES, LLC, a Nevada limited liability company; and CAROL JONES, an individual, | |
| Defendants. | |

Plaintiff, FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for AMTRUST BANK ("Plaintiff"), and Defendants CAROL JONES and REAL ESTATE VALUATION SERVICES, LLC ("Defendants"), by and through their respective undersigned counsel, and pursuant to Rule 29(b) of the Federal Rules of Civil Procedure, hereby submit this Stipulated Protective Order and state as follows:

### I

### PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of

1347801 (8408-2)

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada  89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

confidential, proprietary or private information for which special protection from public

disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

Accordingly, the parties hereby stipulate to and petition the Court to enter the following

Stipulated Protective Order.

The parties acknowledge that this Order does not confer blanket protections on all

disclosures or responses to discovery and that the protection it affords from public disclosure and

use extends only to the limited information or items that are entitled to confidential treatment

under the applicable legal principles.  The parties further acknowledge, as set forth in section

XI(C) below, that this Stipulated Protective Order does not entitle them to file confidential

information under seal; rather, Local Rule 5.4 sets forth the procedures that must be followed

and the standards that will be applied when a party seeks permission from the Court to file

material under seal.

## II

### DEFINITIONS

A.   <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation of

information or items under this Order.

B.   <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of how it is

generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

of Civil Procedure 26(c).

C.   <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as

well as their support staff).

D.   <u>Designating Party</u>:  A Party or Non-Party that designated information or items

that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

E.   <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the

medium or manner in which it is generated, stored, or maintained (including, among other things,

testimony, transcripts, and tangible things), that are produced or generated in disclosures or

responses to discovery in this matter.

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1347801 (8408-2)

F.     Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

G.     House Counsel:  Attorneys who are employees or a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

H.     Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

I.     Outside Counsel of Record:  Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

J.     Party:  Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

K.     Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this action.

L.     Professional Vendors:  Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

M.     Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

N.     Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

### III

### SCOPE AND GOOD CAUSE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material;

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1347801 (8408-2)

1  (2) all copies, excerpts, summaries or compilations of Protected Material; and (3) any testimony,

2  conversations or presentations by Parties or their Counsel that might reveal Protected Material.

3         However, the protections conferred by this Stipulation and Order do not cover the

4  following information:  (1) any information that is in the public domain at the time of disclosure

5  to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving

6  Party as a result of publication not involving a violation of this Order, including becoming a part

7  of the public record though trial or otherwise; and (2) any information known to the Receiving

8  Party prior to this disclosure or obtained by the Receiving Party after the disclosure from a

9  source who obtained the information lawfully and under no obligation of confidentiality to the

10  Designating Party.  Any use of Protected Material at trial shall be governed by a separate

11  agreement or order.

12         This action involves a contract dispute between the parties relating to mortgage loans,

13  and representations made in connection with the valuation and funding of said mortgage loans.

14  This litigation will involve the review and analysis of various documents including, but not

15  limited to, Loan Origination Files, Loan Servicing Files, Foreclosure Files, and other Personal

16  Records of individuals who applied for and obtained mortgage loans at issue.  Good cause exists

17  to grant the parties' request for a Protective Order to (1) preserve the privacy interests of third-

18  party borrowers; (2) protect the confidential business records and proprietary information of the

19  plaintiff and defendant; and (3) allow the parties to exchange information in the most expeditious

20  fashion possible, with a minimum burden, expense, dispute, and delay.  Pursuant to 15 U.S.C. §

21  6802(e)(8), the production of non-public personal financial information, protected by the

22  measures set out in this Protective Order, shall not constitute a violation of the Gramm-Leach-

23  Bliley Act, 15 U.S.C. § 6801, et seq.; *Marks v. Global Mortgage Group, Inc.*, 218 F.R.D. 492,

24  496 (S.D. W.Va. 2003).

25  **III**

26  **<u>DURATION</u>**

27         Even after final disposition of this litigation, the confidentiality obligations imposed by

28

KOLESAR & LEATHAM<br>400 South Rampart Boulevard, Suite 400<br>Las Vegas, Nevada 89145<br>Tel: (702) 362-7800 / Fax: (702) 362-9472

1347801 (8408-2)

this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**IV**

**DESIGNATING PROTECTED MATERIAL**

A. <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designated information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

B. <u>Manner and Timing of Designations</u>:  Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of Section V(B), below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1347801 (8408-2)

1.     <u>For information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portions (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protection portions (*e.g.*, by making appropriate markings in the margins).

2.     <u>For testimony given in deposition proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceedings, all protected testimony.  This provision does not apply to any court hearings or trial testimony.

3.     <u>For information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

C.     <u>Inadvertent failure to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's

1347801 (8408-2)

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**V**

**CHALLENGING CONFIDENTIALITY DESIGNATIONS**

A.      Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

B.      Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of the notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation is not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

C.      Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality in

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1347801 (8408-2)

1   accordance with Local Rule 7.1 within 21 days of the initial notice of challenge or within 14

2   days of the parties agreeing that the meet and confer process will not resolve their dispute,

3   whichever is earlier.   Each such motion must be accompanied by a competent declaration

4   affirming that the movant has complied with the meet and confer requirements imposed in the

5   preceding paragraph.   Failure by the Designating Party to make such a  motion including the

6   required declaration within 21 days (or 14 days, if applicable) shall automatically waive the

7   confidentiality designation for each challenged designation.   In addition, the Challenging Party

8   may file a motion challenging a confidentiality designation at any time if there is good cause for

9   doing so, including a challenge to the designation of a deposition transcript or any portions

10   thereof.   Any motion brought pursuant to this provision must be accompanied by a competent

11   declaration affirming that the movant has complied with the meet and confer requirements

12   imposed by the preceding paragraph.

13        The burden of persuasion in any such challenge proceeding shall be on the Designating

14   Party.   Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose

15   unnecessary expenses and burdens on other parties) may expose the Challenging Party to

16   sanctions.   Unless the Designating Party has waived the confidentiality designation by failing to

17   file a motion to retain confidentiality as described above, all parties shall continue to afford the

18   material in question the level of protection to which it is entitled under the Producing Party's

19   designation until the Court rules on the challenge.

20                                            **VI**

21                    **ACCESS TO AND USE OF PROTECTED MATERIAL**

22        A.      Basic Principles.  A Receiving Party may use Protected Material that is disclosed

23   or produced by another Party or by a Non-Party in connection with this case only for

24   prosecuting, defending, or attempting to settle this litigation.   Such Protected Material may be

25   disclosed only to the categories of persons and under the conditions described in this Order.

26   When the litigation has been terminated, a Receiving Party must comply with the provisions of

27   Section XI(D) below (Final Disposition).

28

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1347801 (8408-2)

1    Protected material must be stored and maintained by a Receiving Party at a location and

2    in a secure manner that ensures that access is limited to the persons authorized under this Order.

3    B.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise

4    ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

5    disclose any information or item designated "CONFIDENTIAL" only to:

6    a.    the Receiving Party's Outside Counsel of Record in this action, as well as

7    employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

8    information for this litigation;

9    b.    the officers, directors and employees (including House Counsel) of the

10   Receiving Party to whom disclosure is reasonably necessary for this litigation;

11   c.    Experts (as defined in this Order) of the Receiving Party to whom

12   disclosure is reasonably necessary for this litigation and who have signed the

13   "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A;

14   d.    the Court and its personnel;

15   e.    court reporters and their staff, professional jury or trial consultants, mock

16   jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation

17   and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

18   f.    during their depositions, witnesses in the action to whom disclosure is

19   reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

20   (Exhibit A) unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of

21   transcribed deposition testimony or exhibits that may reveal Protected Material must be

22   separately bound by the court reporter and may not be disclosed to anyone except as permitted

23   under this Stipulated Protective Order.

24   g.    the author or recipient of a document containing the information or a

25   custodian or other person who otherwise possessed or knew the information.

26   ///

27   ///

28

1347801 (8408-2)

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1

## VII

2

### PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

3

4      If a Party is served with a subpoena or a court order issued in other litigation that compels

5  disclosure of any information or items designated in this action as "CONFIDENTIAL," that

6  Party must:

7          a.      promptly notify in writing the Designating Party.  Such notification shall

8  include a copy of the subpoena or court order;

9          b.      promptly notify in writing the party who caused the subpoena or order to

10  issue in the other litigation that some or all of the material covered by the subpoena or order is

11  subject to this Protective Order.  Such notification shall include a copy of this Stipulated

12  Protective Order; and

13          c.      cooperate with respect to all reasonable procedures sought to be pursued

14  by the Designating Party whose Protected Material may be affected.

15      If the Designating Party timely seeks a protective order, the Party served with the

16  subpoena or court order shall not produce any information designated in this action as

17  "CONFIDENTIAL" before a determination by the court from which the subpoena or order

18  issued, unless the Party has obtained the Designating Party's permission.  The Designating Party

19  shall bear the burden and expense of seeking protection in that court of its confidential material

20  and nothing in these provisions should be construed as authorizing or encouraging a Receiving

21  Party in this action to disobey a lawful directive from another court.

22

## VIII

23

### UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

24      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

25  Material to any person or in any circumstance not authorized under this Stipulated Protective

26  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

27  unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

28

1347801 (8408-2)

Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

IX

**INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) & (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in this Stipulated Protective Order.

X

**MISCELLANEOUS**

A.    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

B.    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Stipulated Protective Order.

C.    Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Rule 5.4.  Protected Material may only be filed

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1347801 (8408-2)

1  under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

2  issue.  Pursuant to Local Rule 5.4, a sealing order will issue only upon a request establishing that

3  the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to

4  protection under the law.  If a party's request to file Protected Material under seal pursuant to

5  Local Rule 5.4 is denied by the Court, then the Party may file the information in the public

6  record unless otherwise instructed by the Court.

7          D.     Final Disposition.  Within 30 days after final termination of this case either by

8  consensual dismissal with prejudice, after final appellate review has been obtained, or after the

9  time for appeal has lapsed without the filing of an appeal by either of the parties, all material and

10  copies containing information designated CONFIDENTIAL shall be returned to the party

11  producing such information, together with any and all summaries, abstracts, notations and

12  compilations containing any Confidential Information.  In the alternative, within 30 days after

13  final termination of this case, such materials and copes may be shredded or disposed of in a

14  manner to assure the destruction thereof and declaration certifying such destruction or disposal

15  shall be provided to the party producing such information.  Notwithstanding the above, one copy

16  of the files in this case may be retained by counsel of record for each party, subject to the terms

17  of this Order.

18  Dated this ___th day of March, 2013.          Dated this ___th day of March, 2013.

19  KOLESAR & LEATHAM                              OLSON, CANNON, GORMLEY, ANGULO
                                                  & STOBERSKI
20
                                                  /s/ Michael Stoberski
21
_____                 _____
22  RANDOLPH L. HOWARD, ESQ.                      MICHAEL E. STOBERSKI, ESQ.
    SHLOMO S. SHERMAN, ESQ.                       BRANDON P. SMITH, ESQ
23  400 South Rampart Blvd, Suite 400             9950 West Cheyenne Avenue
    Las Vegas, Nevada  89145                      Las Vegas, Nevada 89129
24
    Attorneys for Plaintiff,                      Attorneys for Defendants,
25  FEDERAL DEPOSIT INSURANCE                     CAROL JONES and REAL ESTATE
    CORPORATION as Receiver for                   VALUATIONS SERVICES
26  AMTRUST BANK

27

28
                              Page 13 of 14
    1347801 (8408-2)

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1    **IT IS SO ORDERED:**

2                                            _____

3                                            UNITED STATES MAGISTRATE JUDGE

4                                            Dated: March 14, 2013

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

Page 14 of 14

1347801 (8408-2)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

**EXHIBIT A**

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of

_____[print or type full

address], declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protected Order that was issued by the United States District Court for the District of

Nevada on _____ _____, 2013, in the case of *Federal Deposit Insurance*

*Corporation as Receiver for Amtrust Bank  v. Real Estate Valuation Services, LLC, et al.*, United

States District Court, District of Nevada, Case No. 2:12-cv-2057-JCM-NJK.

I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.


Dated: _____

City and State where sworn and signed: _____


Signature: _____

Printed name: _____

1347801 (8408-2)