1
2
3
4 **UNITED STATES DISTRICT COURT**
5 **DISTRICT OF NEVADA**
6
7 FEDERAL DEPOSIT INSURANCE CORP.,        )
8                         Plaintiff(s),        )        Case No. 2:11-cv-02057-JCM-NJK
                                              )
9 vs.                                         )        ORDER
                                              )
10 REAL ESTATE VALUATION SERVICES             )
   LLC, et al.,                               )
11                                            )
12                         Defendant(s).       )
   _____ )
13
14          Before the Court is the parties' Stipulated Protective Order (Docket No. 17), which the Court
15 approved to facilitate discovery in this case. This order reminds counsel that there is a presumption
16 of public access to judicial files and records. A party seeking to file a confidential document under
17 seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v.*
   *City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).
18
19          The Court has adopted electronic filing procedures, and with a few exceptions not applicable
20 here, the Clerk of the Court no longer maintains paper records. Special Order 109 requires the Clerk
21 of the Court to maintain the official files for all cases filed on or after November 7, 2005, in
22 electronic form. The electronic record constitutes the official record of the court. Attorneys must file
23 documents under seal using the Court's electronic filing procedures. *See* LR 10-5(b). That rule
24 provides:
25          Unless otherwise permitted by statute, rule or prior Court order, papers filed
            with the Court under seal shall be accompanied by a motion for leave to file
            those documents under seal, and shall be filed in accordance with the Court's
26          electronic filing procedures. If papers are filed under seal pursuant to prior
            Court order, the papers shall bear the following notation on the first page,
27          directly under the case number: "FILED UNDER SEAL PURSUANT TO
            COURT ORDER DATED _____." All papers filed under seal will
28          remain sealed until such time as the Court may deny the motion to seal or
            enter an order to unseal them, or the documents are unsealed pursuant to
            Local Rule.

*Id.* Documents filed under seal are not accessible to the public.

The Court has approved the parties' blanket protective order to facilitate their discovery exchanges. But the parties have not shown, and the Court has not found, that any specific documents are secret or confidential. The parties have not provided specific facts supported by declarations or concrete examples to establish that a protective order is required to protect any specific trade secret or other confidential information pursuant to Rule 26(c) or that disclosure would cause an identifiable and significant harm. The Ninth Circuit has held that there is a presumption of public access to judicial files and records and that parties seeking to maintain the confidentiality of documents attached to nondispositive motions must show good cause exists to overcome the presumption of public access. *See Kamakana* 447 F.3d at 1179. Parties seeking to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access. *Id.* at 1180.

If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the opposing party (or non-party) shall file a declaration establishing good cause for the sealing along with a proposed order, or shall withdraw the designation. The declaration shall be filed within seven days of service on the opposing party (or non-party) of the request for a sealing order. If the declaration is not filed as required, the Court may order the document filed in the public record.

**IT IS ORDERED** that the parties shall comply with the requirements of LR 10-5(b), the Ninth Circuit's decision in *Kamakana,* 447 F.3d 1172, and the procedures outlined above, with respect to any documents filed under seal.

DATED:  March 14, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge